United States District Court
District of Massachusetts

_____
                                   )
**FASTRAC LOGISTICS, INC.,**       )
       **Plaintiff,**   )
                                   )
       **v.**           )   Civil Action No.
                                   )   10-10037-NMG
**FULLER TRANSPORT, INC.,**        )
       **Defendant.**   )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Fastrac Logistics, Inc. ("Fastrac") brings this action against defendant Fuller Transport, Inc. ("Fuller") for breach of contract and quantum meruit.

## I.   Challenge to Subject Matter Jurisdiction

In response to Fastrac's pending motion for an extension of the discovery schedule, defendant asserts that Fastrac knew, when it filed its complaint, that its claims were worth between $3,863 and $15,457 and did not meet the amount in controversy required for diversity jurisdiction. The $77,286 damages figure in the complaint apparently represents the gross amount due under the contract between the parties, including the amounts Fastrac would have paid to the carriers to transport Fuller's goods. Fastrac's President, John Alphas, admitted in his deposition, however, that Fastrac had not yet paid those amounts when the deal fell through. Thus, Fastrac's actual alleged loss is its commission

on the shipments which is between 5% and 20% of the $77,286 figure. Fuller contends, therefore, that there is no subject matter jurisdiction here because Fastrac did not plead the jurisdictional amount in good faith.

**II. Legal Standard**

"[A] court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). United States District Courts have subject matter jurisdiction based on diversity if the case presents a controversy between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332. To determine whether those requirements are satisfied, the Court must examine the circumstances at the time the complaint was filed. Stewart v. Tupperware Corp., 356 F.3d 335, 336 (1st Cir. 2004). The amount claimed by the plaintiff controls if it was "apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

If the opposing party questions the damages allegation, then plaintiff bears the burden of "alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Subsequent events that affect the amount in controversy do not

undermine diversity jurisdiction. <u>Coventry Sewage Assocs.</u> v. <u>Dworkin Realty Co.</u>, 71 F.3d 1, 6 (1st Cir. 1995). Subsequent revelations about the amount that plaintiffs expected in good faith to recover at the time the complaint was filed are, however, relevant. <u>Id.</u>

III. **Analysis**

Fuller has certainly raised a material issue. If Fastrac does not proffer a plausible explanation in response to Fuller's proposition, the Court will dismiss the case for lack of subject matter jurisdiction. For that purpose, the Court will afford the plaintiff two weeks to show cause, in a memorandum not to exceed five pages, why its complaint should not be dismissed for lack of subject matter jurisdiction.

**ORDER**

In accordance with the foregoing, plaintiff is directed to show cause in writing, on or before June 15, 2011, why the Court should not dismiss this action for lack of subject matter jurisdiction.

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated June 1, 2011